PICKEL MARBLE & GRANITE COMPANY, Respondent v. THE APOLLO TURKISH BATH COMPANY et al., Defendants, A. H. HANDLAN, Appellant.

St. Louis Court of Appeals, October 23, 1900.

Mechanic's Lien: WITHOUT CONTRACT WITH DEFENDANT, NO LIEN MAINTAINABLE. The evidence shows that the material was furnished and the improvements made under contract with the defendant Apollo Company and for its sole use and benefit. Held, that its leasehold interest might have been subjected to a mechanic's lien for their value by proceeding in the proper way, but that Handlan's interest in the property can not be reached in this suit.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

REVERSED.

*Dickson & Smith* and *Daniel G. Taylor* for appellant A. H. Handlan.

(1) Where it is sought to charge land with a mechanics' lien, there must be a contract with the owner, or his agent, trustee or contractor; mere consent or knowledge or subsequent approval is not sufficient. The term "owner" means the person for whose immediate use, enjoyment or benefit any erection is made. R. S. 1899, sec. 4203; Planing Mill Co. v. Burndidge, 25 Mo. App. 272; Lauer v. Bandow, 43 Wis. 565; Squiers v. Fithian, 27 Mo. 124; Horton v. Railroad, 84 Mo. 602; Fathman v. Christopel, 60 Mo. App. 106. (2) A person furnishing materials for improvements must take notice of the interest of the person with whom he contracts, for the lien only attaches to such interest. Koenig v. Mueller, 39 Mo. 165; Reisse v. Mueller, 39 Mo. 169; McCarthy v. Carter, 49 Ill. 53; Judson v. Stevens, 75 Ill. 255. (3) A mechanics' lien arising out of a contract with a lessee will only bind the leasehold estate of the person with whom the contract is made. R. S. 1899, sec. 4206; Cornell v. Barney, 94 N. Y. 394; Knapp v. Brann, 45 N. Y. 207; Roth v. Bellingath, 71 Ala. 55.

*Robt. L. McLaran* and *Jared W. Young* for respondent.

(1) Plaintiff furnished its work and material under a contract with the Apollo Company, the original contractor with Handlan. (2) The evidence of Handlan's leasehold interest in the property sufficiently appears from his own ad-

mission in the contract for lease.    (3) Plaintiff's lien notice substantially complied with the requirements of the statute. Fruin-Bambrick Co. v. Jones, 60 Mo. App. 1; Midland Lumber Co. v. Kreeger, 52 Mo. App. 418.

BLAND, P. J.—Defendant Handlan held a 99-year lease on premises in the city of St. Louis known as No. 821 Locust street.    In May, 1898 the Apollo Turkish Bath Company went into possession of the premises under a contract with Handlan for a ten-year lease thereon, which contract contained the following provisions:

"*Fifth.*    There is to be a marble floor laid in a portion of the basement by the party of the first part (Apollo Company) at its own expense, and thereupon the said Handlan shall allow and pay to the said company on account of said floor, the sum which would be the reasonable price of good, standard granitoid flooring, had such flooring been laid in the basement.    The balance of said floor to be laid in granitoid at the owner's expense."

"*Sixth.*    The area under the sidewalk in front shall be constructed by said Handlan, if a permit can be secured for same   *   *   *."

"*Ninth.*    The marble work put in by the bath company and all movable fixtures and apparatus placed there intended by the tenant for fitting up the premises for the purposes of the Turkish bath business shall belong to the tenant and may be removed by the tenant at the end of his term, provided he has paid all of said rentals due and payable under the terms of said lease."

On November 21 following, the lease was executed and delivered in pursuance of the contract.    This lease with reference to repairs, contained the following provisions:

"All repairs and alterations deemed necessary by said lessee to be made at its own cost and expense and all repairs

Marble & Granite v. Handlan.

and alterations so made to remain on the premises without cost to the lessor except specifically such as are hereinafter stipulated."

"The lessor is to allow the lessee as credit on rent for the amount of marble work in floor of basement as provided for in fifth clause of (contract of) lease between these parties, dated May 10, 1898, same to be 18c per square foot for the surface covered by marble floor laid in basement, amounting to $104.91, and for which proper receipt rendered shall be executed. The marble work to be no part of this lease, and all movable fixtures, apparatus, fittings, furniture and so forth placed in the building by the lessee and intended to fit up the premises for the purpose of a Turkish bath business belong to the lessee and may be removed by it at the termination of this lease, provided all rental shall have been paid for and all provisions herein provided for shall have been complied with. It is understood, however, that the marble flooring in basement belongs to the lessor and shall remain on the premises."

After taking possession of the premises the Apollo Company contracted with plaintiff for the setting of 925 square feet of Italian marble tiling, estimated to cover the entire basement floor of the premises. The contract price of $1,258 for the material and labor was paid in money and secured notes. It was found when laid that the 925 square feet of tiling did not cover the entire floor. The Apollo Company then ordered the plaintiff to furnish and set an additional amount of marble tiling sufficient to complete the floor. Under this order the plaintiff between the eighteenth and twenty-sixth day of November, 1898, furnished and set 275 feet of Vermont marble tiling, for which plaintiff charged $123.75. The Apollo Company failed to pay this bill. Notice was given to Handlan under the mechanics' lien act. A lien paper was filed in the recorder's office and in due time

suit was brought to enforce the lien. Plaintiff recovered judgment for the enforcement of its lien. Handlan appeals.

There is not to be found in the contract for the lease, in the lease itself, nor a word of testimony anywhere in the record indicating that the material was furnished and the improvement was made under a contract with Handlan, or with any one who acted or pretended to act as his agent. The material was furnished and the work done under contract with the Apollo Company, and for its sole use and benefit, and its leasehold interest, not Handlan's—might have been subjected to a mechanics' lien for their value, had the proper steps been taken. The judgment establishing the lien against the leasehold interest of Handlan is reversed. All concur.